UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANELL C. F.,[1] | Case No. 6:20-cv-01128-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Jeanell C. F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act") and disabled widow's benefits under Title II of the Act. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and disabled widow's benefits in March 2019 with an alleged onset date of March 17, 2017. Tr. 11. Plaintiff's applications were denied initially in July 2019, Tr. 111, and again upon reconsideration in September 2019, Tr. 138. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), Tr. 160, and a hearing was held in March 2020, Tr. 29. On March 31, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 11. The Appeals Council denied Plaintiff's request for review, Tr. 1, and the ALJ's decision operates as the final decision of the Commissioner subject to this Court's review. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 49 years old on her alleged onset date of March 17, 2017. Tr. 214, 220. She has a high school education and does not have past relevant work. Tr. 19. Plaintiff alleges disability based on major depression, generalized anxiety disorder ("GAD"), hyperglycemia, hypertriglyceridemia, cervical radiculopathy, cervical and chronic pain in the neck, insomnia, and fibromyalgia. Tr. 259.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both

the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the

Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations the claimant's impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if the claimant cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, depression, fibromyalgia, cervical degenerative disc disease, and lumbar facet arthropathy. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed

impairment. *Id.* The ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> [The claimant can] occasionally lift and carry up to 20 pounds; frequently lift and carry 10 pounds or less; sit for six hours in an eight hour day; stand or walk in combination for no more than six hours in an eight hour day; and push and pull as much as she can lift and carry. The claimant can occasionally reach overhead bilaterally and she can frequently reach in all other directions bilaterally. She can occasionally climb ramps and stairs; avoid ladders, ropes, and scaffolding; and occasionally stoop, kneel, crouch, or crawl. She is limited to simple routine tasks consistent with reasoning level two or less; simple work related decisions; and occasional interaction with supervisors, coworkers, and the public. The claimant's time off task can be accommodated by normal breaks.

Tr. 15–16.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 19. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. *Id.* The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 20.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ erred by improperly rejecting Plaintiff's subjective symptom testimony, and (2) the ALJ failed to identify a legally sufficient basis to reject the lay witness statement. Plaintiff conceded at her hearing that her physical impairments are not disabling. Pl.'s Reply 6, ECF No. 22 (citing Tr. 18). As such, the scope of Plaintiff's appeal is limited to her mental health conditions. Pl.'s Br. 3, ECF No. 18.

I.  **Subjective Symptom Testimony**

Plaintiff assigns error to the ALJ's evaluation of her subjective symptom testimony. Pl.'s Br. 5–14, ECF No. 17. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[2] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information

---

[2] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

Page 6 — OPINION AND ORDER

provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At her hearing, Plaintiff testified that she could not concentrate on work and became too overwhelmed. Tr. 41. Plaintiff testified in her function report that she sometimes does not get out of her bed at all. Tr. 278. Plaintiff also testified that she experiences anxiety in crowds. Tr. 46. Plaintiff explained that when her anxiety level becomes too high at a store, she leaves to sit in a car until the person accompanying her returns to the car. *Id.* Plaintiff experiences anxiety "whenever someone leaves and [she] hear[s] sirens[.]" *Id.* Plaintiff testified that she takes Hydroxyzine for her anxiety and Zoloft for her depression, but they do not completely help her symptoms. Tr. 47. In her function report, Plaintiff testified that "medication just makes it easier to cope" but that "the stress, fear, anxiety, depression and just my mind in general are still there." Tr. 284. Plaintiff testified that she has insomnia. Tr. 47. Plaintiff also testified that she did not receive mental health treatment while she was homeless but has since resumed treatment. Tr. 44–45.

Here, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 17. The Commissioner asserts that the ALJ supplied three valid rationales that undermined Plaintiff's subjective complaints: (A) an inconsistency with the medical record; (B) symptom improvement with treatment; and (C) an inconsistency with her activities of daily living.

### A.    Medical Record

In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical

record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim*, 763 F.3d at 1164; *see also Garrison*, 759 F.3d at 1017. Moreover, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the record establishes that Plaintiff's subjective complaints are amply supported by the record. For example, in February 2019, Plaintiff attempted suicide and was admitted involuntarily to a hospital. Tr. 359. In March 2019, Plaintiff reported anxiety, depression, and difficulty coping with grief and health issues. Tr. 381. In June 2019, Plaintiff reported insomnia, anxiety, and depression. Tr. 458. In October 2019, Plaintiff reported continuing depression and anxiety. Tr. 492. In February 2020, Plaintiff reported depression, suicidal ideation, and anxiety and mentioned that her medications were not helping. Tr. 513. She appeared depressed with a tearful affect. Tr. 515. In March 2020, Plaintiff was diagnosed with major depressive disorder, recurrent severe without psychotic features, as well as generalized anxiety disorder. Tr. 63. She reported having intermittent suicidal ideation, that her brain would not stop, that she constantly worries, and that she is constantly stressed. Tr. 62. As such, the medical record in this case was not a clear and convincing reason to reject Plaintiff's subjective symptom testimony.

    **B.**    **Treatment History**

The Commissioner asserts that the ALJ properly rejected Plaintiff's testimony because Plaintiff's "symptoms significantly improved with treatment." Def.'s Br. 5, ECF No. 21 (citing Tr. 16–18). The effectiveness of treatment is a relevant factor an ALJ may consider when

evaluating subjective symptom testimony. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv–v), 416.929(c)(3)(iv–v). However, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017. Rather, reports of improvement in the mental health context "must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Id*. Moreover, the Ninth Circuit has cautioned against drawing inferences based upon reports of improvements during mental health treatment. *See id*. at 1017–18; *see also Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]tatements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

An independent review of those treatment notes fails to support the Commissioner's contention that Plaintiff's symptoms improved. When viewed in context, those records reveal that while at times Plaintiff made limited improvement, her mental health impairments consistently affected her ability to function. In June 2017, Plaintiff reported anxiety and depression. Tr. 406. Plaintiff was observed having a sad mood, tearful affect, and anxiety. Tr. 408. Plaintiff was prescribed Cymbalta for the anxiety and depression. *Id.* In August 2017, Plaintiff reported that she initially had a good response to Cymbalta, but that the effect had waned. Tr. 396. The treatment notes reflect that she had an abnormal and depressed affect. Tr. 397. In September 2017, Plaintiff reported improved mood and anxiety from an increased dosage of Cymbalta. Tr. 393. However, in February 2019, Plaintiff attempted suicide and was admitted involuntarily to a hospital. Tr. 359. In March 2019, Plaintiff again reported anxiety and grief. Tr. 419. While in June 2019 Plaintiff reported some improvement with medication, Tr. 443, by July

Case 6:20-cv-01128-MK  Document 23  Filed 12/22/21  Page 10 of 14

2019 Plaintiff reported worsening moods, depression, anxiety, and passive suicidal ideation, Tr. 426. She presented with a low mood as well as a tearful and anxious affect. *Id.* In October 2019, Plaintiff reported ongoing depression and anxiety. Tr. 492. In February 2020, Plaintiff reported depression, suicidal ideation, and anxiety and mentioned that her medications were not helping. Tr. 513. By March 2020, Plaintiff reported having intermittent suicidal ideation, that her brain would not stop, that she constantly worries, and that she is constantly stressed. Tr. 62.

Accordingly, Plaintiff's response to treatment was not a clear and convincing reason to reject her subjective symptom testimony. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *see also Ghanim*, 763 F.3d at 1162 (noting that the "fact that a person suffering from depression makes some improvement does not mean that person's impairment no longer seriously affects his ability to function in the workplace" (citation, internal quotations, and bracketing omitted)).

C.    **Activities of Daily Living**

The Commissioner contends the ALJ properly rejected Plaintiff's testimony based upon her activities of daily living. Def.'s Br. 9–10, ECF No. 21. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities "contradict [a claimant's] testimony"; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

Page 10 — OPINION AND ORDER

(requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The Commissioner cites Plaintiff's ability to handle personal care, prepare meals, care for a pet dog, launder clothes, make her bed, clean dishes, and do other household chores as conflicting with Plaintiff's testimony. Def.'s Br. 6, ECF No. 21; Tr. 15. The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))).

The Commissioner also argues that Plaintiff "engaged in work-like activity" by "caring for grandchildren." Def.'s Br. 7, ECF No. 21 (citing Tr. 16). However, the ALJ merely noted that Plaintiff "testified that she cared for her minor grandchildren but she did not receive payment." Tr. 16. The ALJ did not determine that Plaintiff engaged in work-like activity by caring for her grandchildren. The Ninth Circuit has held that a court may only review the reasons provided by the ALJ. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). As such, this Court cannot consider the Commissioner's argument concerning Plaintiff's childcare activities.

## II.    Lay Witness Testimony

Plaintiff assigns error to the ALJ's evaluation of the lay witness statement. Pl.'s Br. 12, ECF No. 18. Lay witness testimony regarding the severity of a claimant's symptoms or how an impairment affects a claimant's ability to work is competent evidence that an ALJ must take into

account. *Nguyen*, 100 F.3d at 1467. To reject such testimony, an ALJ must provide "reasons that are germane to each witness." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015) (quoting *Molina*, 674 F.3d at 1114). Further, the reasons provided must also be "specific." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009)). However, where the ALJ has provided clear and convincing reasons for rejecting the claimant's symptom testimony, and the lay witness has not described limitations beyond those alleged by the claimant, the ALJ's failure to provide germane reasons for rejecting lay testimony can be harmless. *Molina*, 674 F.3d at 1121–22.

Although the ALJ must consider evidence from nonmedical sources pursuant to the new regulations, 20 C.F.R. §§ 404.1520c(d), 416.920c(d), the ALJ is "not required to articulate how he considers evidence from nonmedical sources and he does not have to use the same criteria as required for medical sources. The regulations, however, do not eliminate the need for the ALJ to articulate analysis of lay-witness statements." *Ryan L. F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958-BR, 2019 WL 6468560, at *8 (D. Or. Dec. 2, 2019) (internal quotations and bracketing omitted). The ALJ errs when the ALJ fails to provide specific, germane reasons for rejecting the lay witness statement. *Joseph M. R. v. Comm'r of Soc. Sec.*, No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sep. 10, 2019).

The record contains a lay witness statement submitted by Plaintiff's daughter, Felicia B. Tr. 269. The ALJ found the statement "neither inherently valuable nor persuasive when compared to the objective medical record." Tr. 15. The ALJ did not articulate any analysis of the statement. *See Ryan L. F.*, 2019 WL 6468560, at *8. As such, the ALJ erred in failing to provide specific, germane reasons for rejecting the lay witness statement.

**III.     Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the ALJ noted that "[t]he record does not include medical source statements or function by function assessments from claimant's treating provide[r] regarding her ability to perform basic work activity." Tr. 18. In January 2020, Plaintiff's counsel requested a psychological consultative evaluation. Pl.'s Br. 14, ECF No. 18. However, no psychological evaluation was ordered. This Court finds that the record would benefit from a psychological evaluation of Plaintiff. As a result, the ALJ's decision was not supported by substantial evidence.

Accordingly, this case is remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom testimony; (2) order a consultative psychological examination in which the medical professional will provide specific functional limitations in assessing the impact of Plaintiff's mental impairments; (3) conduct a *de novo* review of the medical evidence of record in light of the consultative examiner's opinion; (4) evaluate the lay witness testimony of Felicia B.; and (5) obtain additional VE testimony based on a reformulated RFC. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 22nd day of December, 2021.

                                                              s/Mustafa T. Kasubhai
                                                               Mustafa T. Kasubhai (he/him)
                                                               United States Magistrate Judge