UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

JEANELL C. F.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:20-cv-01128-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Jeanell C. F. sought judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her applications for supplemental security income under Title XVI of the Social Security Act (the "Act") and disabled widow's benefits under Title II of the Act. In December 2021, this Court reversed and remanded the Commissioner's decision for further proceedings. *See* Dec. 22, 2021 Op. & Order,

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

ECF No. 23 ("O&O"). Plaintiff now moves for an award of attorney fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"), in the amount of $12,852.99. Pl.'s Mot. for EAJA Fees, ECF No. 25 ("Pl.'s Mot."). The Commissioner opposes the motion. Def.'s Resp., ECF No. 27. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 6.

## STANDARD OF REVIEW

A party who prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees and costs pursuant to the EAJA. 28 U.S.C. § 2412. Under the EAJA, a court may award attorney fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if:

> (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions were substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable.

28 U.S.C. § 2412(d)(1)(A); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). A prevailing plaintiff is not entitled to attorney fees under the EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Substantial justification means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citation omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id*. (citation omitted). An award of attorney fees under the EAJA must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

**DISCUSSION**

Plaintiff seeks attorney fees in the amount of $12,852.99, which represents a total of 59.20 hours of litigating the merits of Plaintiff's appeal and preparing the fee award application.[2] Declaration of Brent Wells, ECF No. 26 ("Wells Decl."). The Commissioner opposes Plaintiff's application on the sole ground that Plaintiff's requested hours are not reasonable. Def.'s Resp. 1–2, ECF No. 27. Specifically, the Commissioner argues that Plaintiff's requested hours are not reasonable because: (1) the record was short in that it was only 529 pages; (2) Plaintiff's counsel was already familiar with the record through representing Plaintiff at the administrative level; (3) many of the medical records pertained to Plaintiff's physical impairments, which were not at issue in Plaintiff's appeal; (4) the issues raised were relatively routine and not complex; and (5) Plaintiff's counsel engaged in block billing. Def.'s Resp. 2–5, ECF No. 27.

In June 2022, this Court "decline[d] to consider the total number of hours spent by Plaintiff's counsel as excessive based on the Commissioner's arguments that the record was short, that Plaintiff's counsel was already familiar with the record, that many of the medical records were not at issue in Plaintiff's appeal, or that the issues were routine and not complex." *See* Jun. 3, 2022 Op. & Order, ECF No. 29 ("O&O"). This Court also "decline[d] to determine whether Plaintiff's timekeeping method constitutes block billing" and instructed Plaintiff to submit a "supplemental timesheet that reflects, if possible, discrete time entries detailing the time spent per task." *Id.*

**A. Reasonableness**

As noted, an award of attorney fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir.

---

[2] Plaintiff does not seek attorney fees for time spent drafting a reply to Defendant's Response. *See* Pl.'s Reply 9, ECF No. 28.

Page 3 — OPINION AND ORDER

2012). A district court has an independent duty to review the fee request to determine reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). In deciding fee petitions, a court must determine the reasonable number of hours expended by counsel, and counsel's reasonable hourly rate. *Hensley*, 461 U.S. at 434. The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Gates*, 987 F.2d at 1397. The opposing party then has the burden of rebuttal which requires submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397–98. Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433–34. A court may also allow a party seeking attorney fees to amend its billing statements. *See, e.g.*, *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *Yeager v. Bowlin*, 495 Fed. App'x 780, 783 (9th Cir. 2012).

      A court may not apply a *de facto* cap on the number of hours for which an attorney can be compensated under the EAJA in social security disability appeals. *Costa*, 690 F.3d at 1136. In other words, social security appeals must be considered on an individual basis. *Id.* A critical factor in evaluating the reasonableness of the EAJA request is the "degree of success attained." *Id.* Although deference should generally be given to the winning lawyer's professional judgment, "a district court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." *Id.* (quoting *Moreno*, 534 F.3d at 1112). A specific explanation is required, however, "where the district court . . . cut[s] the number of hours by twenty to twenty-five percent . . . ." *Id.*

      Here, the Court has reviewed Plaintiff's supplemental timesheet and concludes the total number of hours spent by Plaintiff's counsel was reasonable.

### B. Block Billing

The sole remaining issue is whether Plaintiff's counsel engaged in block billing such that Plaintiff's requested hours should be reduced.

A fee applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. "Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 n.2 (citation and internal quotations omitted). "[B]lock billing makes it more difficult to determine how much time was spent on particular activities." *Id.* at 948. However, fee applicants are "not required to record in great detail how each minute of [their] time was expended." *Hensley*, 461 U.S. at 437 n.12. A court may impose a reduction in hours for block billing, *id.*, or request additional information from a party and grant leave to amend billing statements, *Yeager*, 495 Fed. App'x at 783.

As mentioned above, Plaintiff initially provided the Court with a timesheet detailing specific tasks "without connecting those individual tasks to discrete time entries that identify the time spent per task." O&O, ECF No. 29. In the supplemental timesheet, Plaintiff includes discrete time entries that sufficiently detail the time spent per task. *See* ECF No. 31. The Court finds Plaintiff did not engage in block billing such that a reduction in hours is warranted.

## CONCLUSION

For the reasons above, Plaintiff's application for EAJA fees (ECF No. 25) is GRANTED in the amount of $12,852.99.

IT IS SO ORDERED.

DATED this 29th day of September 2022.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge